IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Joshua Alston,<br><br>        Plaintiff,<br><br>v.<br><br>Beth Lawson; Dr. Garman; Sally Blake; Adriane Small; Danielle Winns; Rachel Brown; Katrina Krystonowicz; Danielle; Jamie Wilson; Mike; Shawnette; K. Jones; Katrina; Jennifer; Karen Jones; Kelsey Ledford a/k/a Chelsea; Squires; Carrie; Melissa; Capt. Safford; Corp. Williams; Corp. Kidder; Corp. Bishop; Corp. Marcinkewicz; Corp. Collier; Corp. Grate; Corp. Varn; Corp. Canright; Officer Eastridge; Officer Maggart; Officer Jordan; Officer Mewes; Officer Cardi; Officer Perry; Officer Hollywood; Officer Kinard; Officer Hart; Officer Ganska; Officer Ray; Officer Hackett; Officer Masters; Officer Barrow; Chelsea; Nurse Practitioner Alex; Nurse Brielle; David Sieklicki; Lt. J. Boyd; and Nurse Chasity,<br><br>        Defendants. | C/A No. 2:23-cv-3252-SAL<br><br>**ORDER** |

  Plaintiff William Joshua Alston, a state detainee proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, claiming Defendants violated his constitutional rights at the J. Reuben Long Detention Center ("JRLDC"). [ECF Nos. 1, 23, 131.] This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) (the "Report") [ECF No. 41.] For the reasons below, the court adopts the Report and summarily dismisses a portion of Alston's complaint.

1

I.

Under 28 U.S.C. § 1915, an indigent litigant is permitted to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses, the court must review a complaint against a government entity or an officer or employee thereof, and it must dismiss any portion that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(B); *see also* § 1915(e)(2). In this case, the magistrate judge screened Alston's complaint and outlined her findings in the Report, ECF No. 41.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court must review *de novo* only the portions of the Report to which a party has specifically objected, and it may accept, reject, or modify the Report in whole or in part. *See* 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

Because Alston is proceeding *pro se*, the court must liberally construe the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

In the Report, the magistrate judge informed Alston of the procedures for filing objections and notified him of the serious consequences of his failure to comply. *Id.* at 11. Despite the court extending his filing deadline, Alston did not object to the Report. *See* ECF Nos. 56, 82. The court thus reviews the Report's findings for clear error.

## II.

The magistrate judge concludes that several of Alston's claims are frivolous and subject to dismissal. She first notes that Alston's complaint is primarily comprised of daily entries chronicling his medical treatment at JRLDC over several months. [ECF No. 41 at 2.] Limited portions, however, complain of his living conditions and contend that Defendants denied him certain legal forms and a copy of the jail handbook.[1] *Id.* Construing his pleadings liberally, the magistrate judge finds that Alston alleges secondary claims related to his conditions of confinement and access to the courts. She nonetheless concludes that, to the extent he states such claims, Alston fails to plead actionable constitutional violations. *Id.* at 6–11. The Report thus recommends summarily dismissing the portions of Alston's complaint which do not concern his medical treatment.[2]

After reviewing the Report, the applicable law, and the record in accordance with the above standard, the court finds no clear error.[3] The Report, ECF No. 41, is therefore adopted in full and

---

[1] These claims relate to the defendants named as correctional officers at JRLDC, rather than the named medical professionals. *See id.* at 2. The correctional officers include Safford, Williams, Kidder, Bishop, Marcinkewicz, Collier, Grate, Varn, Canright, Eastridge, Maggart, Jordan, Mewes, Cardi, Perry, Hollywood, Kinard, Hart, Ganska, Ray, Hackett, Masters, and Barrow.

[2] After issuing the Report, the magistrate judge granted Alston's motions to supplement his original complaint. [ECF No. 126.] Alston, however, was permitted to amend and supplement only his claims for inadequate medical treatment. *Id.* at 2; *see also* ECF No. 40 at 2. The supplements thus do not disturb the Report's earlier findings as to Alston's claims relating to his conditions of confinement and access to the courts.

[3] Even to the extent that Alston's later incorporations of his original complaint could be construed as untimely objections, the court adopts the Report's findings on a *de novo* review. The court agrees that Alston—in occasionally mentioning rodent droppings, urine smells, and "smeared" excrement on prison walls, without indicating either the duration or scope of those purported conditions—does not allege

3

incorporated herein. Alton's claims regarding his conditions of confinement and access to the courts are summarily **DISMISSED** without prejudice.

    **IT IS SO ORDERED.**

June 18, 2024                                 Sherri A. Lydon  
Columbia, South Carolina               United States District Judge

---

conditions of confinement which pose a substantial risk of serious harm. *See Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023); *see also* ECF No. 6 at 5. Nor does Alston state a claim for interference with his access to the courts, as he fails to allege an actual injury resulting from Defendants' conduct. *See Lewis v. Casey*, 518 U.S. 343, 350–51 (1996).